**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 1:24-cr-00247-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    OSWALDO LOZADA-SOLIS
2.    JESUS DANIEL LARA DEL TORO
3.    JEAN FRANCO TORRES-ROMAN
4.    EDWUIMAR NAZARETH COLINA-ROMERO
5.    DEREK ALEXANDER DUN-VARGAS

    Defendants.

---

**SUPERSEDING INDICTMENT**

---

The Grand Jury charges:

### COUNT 1

That at all times material to this Indictment, Joyeria El Ruby, located at 5108 West 38th Avenue, Denver, Colorado, was engaged in interstate commerce and an industry which affects interstate commerce.

On or about June 24, 2024, in the State and District of Colorado, the defendants, OSWALDO LOZADA-SOLIS, JESUS DANIEL LARA DEL TORO, JEAN FRANCO TORRES-ROMAN, and DEREK ALEXANDER DUN-VARGAS did knowingly and unlawfully obstruct, delay, and affect commerce as defined in 18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery as defined in 18 U.S.C. § 1951(b)(1), in

that the defendants did unlawfully take and obtain jewelry in the presence of an employee of Joyeria El Ruby against their will by means of actual and threatened physical force, violence, and fear of injury to any person, and did aid, abet, counsel, command, induce, and procure the same.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT 2

On or about June 24, 2024, in the State and District of Colorado, the defendants, OSWALDO LOZADA-SOLIS, JESUS DANIEL LARA DEL TORO, JEAN FRANCO TORRES-ROMAN, and DEREK ALEXANDER DUN-VARGAS did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: Hobbs Act Robbery, as set forth in Count 1 above, and did aid, abet, counsel, command, induce, and procure the same.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

## COUNT 3

Between on or about June 24, 2024, and June 27, 2024, in the State and District of Colorado, and elsewhere, the defendant, EDWUIMAR NAZARETH COLINA-ROMERO did unlawfully transport, transmit, and transfer in interstate commerce from the State of Colorado to the State of Texas, stolen goods, wares, and merchandise, that is jewelry, of the value of $5,000 or more, knowing the same to have been stolen and converted, and did aid, abet, counsel, command, induce and procure the same.

All in violation of Title 18, United States Code, Sections 2314 and 2.

## COUNT 4

Between on or about June 24, 2024, and June 27, 2024, in the State and District of Colorado, and elsewhere, the defendant, EDWUIMAR NAZARETH COLINA-ROMERO did receive, possess, conceal, store, barter, sell, and dispose of certain stolen goods, wares, and merchandise, that is, jewelry, of a value of $5,000 or more which goods had crossed a State boundary after being stolen, to wit, said jewelry being stolen on June 24, 2024, in the State of Colorado and subsequently brought into the State of Texas, knowing the same to have been stolen, and did aid, abet, counsel, command, induce, and procure the same.

All in violation of Title 18, United States Code, Sections 2315 and 2.

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 4 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

1. Upon conviction of the violation(s) described in Counts 1 through 4 above, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 924(d), and Title 28, United States Code, Section 2461, any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense, and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including, but not limited to: (1) a money judgment in the amount of proceeds obtained by the defendant; and 2) the recovered firearms and ammunition.

2.  If any of the property described in paragraph 1 above, as a result of any act or omission of the defendant:

- a) cannot be located upon the exercise of due diligence;
- b) has been transferred or sold to, or deposited with, a third party;
- c) has been placed beyond the jurisdiction of the Court;
- d) has been substantially diminished in value; or
- e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

Ink signature on file in Clerk's Office
FOREPERSON

MATTHEW T. KIRSCH
Acting United States Attorney

By: s/Leah Perczak
Leah Perczak
Special Assistant U.S. Attorney
Garreth Winstead
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0406
E-mail: leah.perczak@usdoj.gov
E-mail: garreth.winstead@usdoj.gov
Attorneys for Government